UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GONZALES,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:20-cv-00566-BAM<br><br>ORDER TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(Doc. No.22) |

Plaintiff Edward Gonzales ("Plaintiff"), currently proceeding *in propria persona*, initiated this social security complaint, on April 17, 2020[1]. On October 2, 2020, the Court issued an order granting the motion of Jonathan O. Peña of the Law Offices of Peña & Bromberg, PC to withdraw as attorney of record for Plaintiff. (Doc. No. 18.) A status conference was set for November 9, 2020, to determine if Plaintiff would seek new counsel or proceed *in propria persona*. (Doc. No. 19.) Plaintiff did not appear at the status conference. (Doc. No. 21.)

On November 9, 2020, the Court issued an order directing Plaintiff to show cause in writing no later than November 23, 2020 why sanctions should not be imposed for his failure to obey a Court order and his failure to appear at the November 9, 2020 telephonic status conference. (Doc. No. 22.) Plaintiff was warned that the failure to respond to the Court's order would result in the dismissal of this action for failure to obey court orders and failure to

---

[1] The parties consented to have a United State Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 7, 9, 16.)

1

1 | prosecute. (*Id.* at 2.)

2 | The deadline for Plaintiff to respond to the order to show cause has passed and Plaintiff
3 | has not complied with the Court's order.

4 | **I.     Discussion**

5 | Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with
6 | any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .
7 | within the inherent power of the Court." District courts have the inherent power to control their
8 | dockets and "[i]n the exercise of that power they may impose sanctions including, where
9 | appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A
10 | court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
11 | failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46
12 | F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,*
13 | 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
14 | amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987)
15 | (dismissal for failure to comply with court order).

16 | In determining whether to dismiss an action, the Court must consider several factors: (1)
17 | the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
18 | docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
19 | cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779
20 | F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

21 | Here, this action has been pending since April 2020 and Plaintiff has failed to appear or
22 | respond to Court orders. The action cannot proceed without Plaintiff's cooperation and
23 | compliance with the Court's orders. Moreover, the Court cannot hold this case in abeyance
24 | awaiting compliance by Plaintiff. The Court additionally cannot effectively manage its docket if
25 | Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors
26 | weigh in favor of dismissal.

27 | The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a
28 | presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

*Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's November 9, 2020 order expressly warned Plaintiff that his failure to comply would result in dismissal of this action. (Doc. No. 22.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff's failure to appear indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

## II.     Conclusion and Order

Accordingly, it is HEREBY ORDERED that this action be dismissed, without prejudice, for Plaintiff's failure to obey the Court's orders and failure to prosecute this action. All pending motions, if any, are terminated.

IT IS SO ORDERED.

Dated:    **December 3, 2020**                    /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE